# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BECK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 11-219 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| ASHLEY DISTRIBUTION ) | |
| SERVICES, LTD., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion (Doc. 17) regarding improper/inconvenient venue will be granted, and this case will be transferred to the United States District Court for the District of Utah.

This is a wrongful death action, brought based on diversity of citizenship. *See* Compl. (Doc. 1) at ¶ 11. Plaintiffs, who reside in the Western District of Pennsylvania, are the children of Russell and Emelda Welsh. Tragically, the Welshes died in a vehicular accident that occurred in Utah on July 18, 2010. *Id.* at ¶¶ 12-13. Plaintiffs allege that the accident resulted from the negligence of Defendant's employee, who was driving a tractor-trailer owned by Defendant. *See id.* at ¶¶ 13-14.

Defendant argues that venue is improper under 28 U.S.C. § 1391(a). *See generally* Def.'s Br. (Doc. 18) at 4-5. When this lawsuit was filed, Section 1391(a) provided, in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of
> citizenship may . . . be brought only in (1) a judicial district where
> any defendant resides, if all defendants reside in the same State,
> [or] (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred . . . .

*Id.*[1]

In opposing Defendant's Motion, Plaintiffs rely exclusively on subsection (a)(2), which examines whether "a substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Pennsylvania. *See* Pls.' Opp'n Br. (Doc. 20) at 5 (quoting Section 1391(a), and underlying text of subsection (a)(2) as basis for venue); *see also id.* at 5-11 (arguing same). Despite the accident's having occurred in Utah, Plaintiffs maintain that the resulting harms suffered in Pennsylvania are sufficient to establish venue here. *See id.* at 5-7.

Plaintiffs' interpretation of Section 1391(a)(2) is inconsistent with the law of the Third Circuit. "[O]nly the events that directly give rise to a claim are relevant,"[2] and, in this case, it was Defendant's alleged negligence in Utah, and the resulting accident in Utah, that give rise to Plaintiffs' claims. This Court and many others have rejected the argument that the locus of post-accident suffering is the appropriate inquiry. *See, e.g.*, Acey v. Schmidt, 2006 WL 1670211, *4 (W.D. Pa. Jun. 15, 2006) (collecting decisions holding same, including case where plaintiff was injured in auto accident in South Dakota and unsuccessfully sought to establish venue in Wisconsin, where she received medical treatment). Venue is not proper under Section 1391(a)(2), and Defendant's Motion therefore will be granted.

---

[1] Although the general venue statute recently was amended, the amendments apply only to cases filed after January 6, 2012. 28 U.S.C. § 1391, "Effective and Applicability Provisions" (2011 amendments "shall apply to actions commenced in U.S. District courts on or after . . . effective date" of Jan. 6, 2012); *accord* Fitzpatrick v. Allyn, 2012 WL 346634, *3 n.5 (D. Md. Feb. 1, 2012) (recognizing same).

[2] Bockman v. First American Marketing Corp., 2012 WL 171972, *3 (3d Cir. Jan. 23, 2012) (citation to quoted source omitted).

2

This conclusion notwithstanding, some discussion of Section 1391(a)(1) is warranted. Plaintiffs have not argued that venue is proper under Section 1391(a)(1), which establishes venue in "a judicial district where any defendant resides, if all defendants reside in the same State." *Id.* There is only one Defendant in this case, Ashley Distribution Services, Ltd.[3] Defendant is incorporated and has its principal place of business in Wisconsin. *See* Compl. at ¶ 8. Although Section 1391(c) contemplates that, for the purposes of venue, corporations "reside" anywhere they are subject to personal jurisdiction, Plaintiffs' submissions provide no basis for the Court to conclude that Defendant is subject to specific or general jurisdiction in the Western District of Pennsylvania. *Compare* Section 1391(c) (for purposes of venue, each district within multiple-district state is treated as if it is "a separate [S]tate") *and* Porche v. Pilot & Assocs., Inc., 2009 WL 688988, *1 & n.2 (9th Cir. Mar. 17, 2009) (considering sufficiency of corporation's contacts with specific district, rather than whole state, pursuant to 1391(c)) *with* Compl. at ¶ 8 (stating, "upon information and belief," that Plaintiff has "a manufacturing and distribution facility in Pennsylvania," it has "a registered office address" in E.D. Pa. (Philadelphia), and it "regularly conducts business in Allegheny County"). Plaintiffs vague assertions, made only on information and belief, do not meet the legal standards regarding general personal jurisdiction. *See* Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 (8th Cir. 2004) (conclusory or speculative allegations do not establish "continuous and systematic contacts" required to exercise general personal jurisdiction). Even assuming a different conclusion could be reached,

---

[3] Although Defendant asserts that it "intends to join" James Lamont, a Utah resident also involved in the accident, Mr. Lamont is not a party to this lawsuit. Defendant's naming of Mr. Lamont as a "Cross-Claim Defendant," *see* Answer (Doc. 9), is legally ineffectual. *See* Fed. R. Civ. P. 13(g) ("[a] pleading may state as a crossclaim any claim by one party against a coparty") (emphasis added). Defendant, moreover, has neither sought nor been granted leave to assert third-party claims against Mr. Lamont. *See generally* Fed. R. Civ. P. 14(a)(1).

"[i]t is not [the C]ourt's responsibility to research and construct the parties' arguments,"[4] and there are insufficient grounds to invoke Section 1391(a)(1).

Finally, even if venue in the Western District is proper, the undersigned agrees with Defendant that a transfer to Utah is appropriate pursuant to 28 U.S.C. § 1404(a).[5] Under Section 1404(a), the Court considers:

(1) Plaintiffs' forum preference as manifested in their original choice of venue;

(2) Defendant's forum preference;

(3) the extent to which Plaintiffs' claims arose outside the forum of choice;

(4) the convenience of the parties, as indicated by their relative physical and financial conditions;

(5) the convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in one of the fora;

(6) the location of books and records, but only to the extent that the relevant files cannot be produced in the alternative forum;

(7) the enforceability of the judgment;

(8) practical considerations that could make the trial easy, expeditious, or inexpensive;

(9) the relative administrative difficulty in the two fora resulting from court congestion;

(10) the local interest in deciding local controversies at home;

(11) the public policies of the fora; and

---

[4] *See* Hubbell v. World Kitchen, LLC, 688 F. Supp.2d 401, 423 (W.D. Pa. Feb. 24, 2010) (citation to quoted source omitted).
[5] Section 1404(a) allows a transfer "to any other district or division where it might have been brought." *Id.* The parties do not dispute that this action could have been brought in the District of Utah, and this Court independently concludes that venue is proper there.

4

> (12) the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995) (citations and internal quotations omitted).

Although a plaintiff's choice of forum (factor (1)) should not be lightly disturbed, this consideration may be afforded less weight when none of the operative facts leading to the action occurred in the plaintiff's chosen forum. *See* Dominy v. CSX Transp., Inc., 2006 WL 573801, *3 (E.D. Pa. Mar. 9, 2006) (collecting cases holding same). Under the specific circumstances presented, the Court finds that factors (1)-(3), on whole, favor the Utah forum.

Otherwise, the fact that all potential liability witnesses are present in Utah would make having trial in that forum more judicially economical and expeditious (factor (6)). *See* Def.'s Aff. (attached to Doc. 18) at ¶¶ 2-5 (noting that accident was investigated by Utah Highway Patrol, and highlighting that all witnesses relevant to liability reside in or near Utah). That forum, moreover, has a local interest in deciding this controversy at home (factor (10)), given Utah resident Mr. Lamont's involvement in the accident, as well as the state's interests in promoting and redressing highway safety issues. *See* Butz v. Schleig, 2009 WL 971410, *6 (D. N.J. Apr. 7, 2009) ("citizens . . . have an interest in ensuring the safety of their highways and in resolving . . . personal injury dispute[s that] originated within their state") (citation to quoted source omitted).

Utah's public policies (factor (11)) also favor a transfer, given that the mother of one of the decedents currently is pursuing litigation in Utah state court against the same Defendant, based on the same accident. Indeed, Defendant has placed into the record a decision by the Utah state court summarizing that litigation, and the decision highlights potentially thorny

questions presented by the "one-action rule" applicable to wrongful death actions under Utah law. *See* Souders v. Ashley Distribution Services, Ltd., *et al.*, Case No. 110903823 (3d Judic. Dist., Salt Lake County Oct. 26, 2011) (filed under Doc. 21-1) (determining that Utah state law applies, and discussing potential application of state's "one-action rule").[6] In light of the foregoing, the Utah forum's familiarity with applicable state law (factor (12)) likewise favors a transfer.

Many of the remaining *Jumara* factors are neutral, and those factors that do favor this forum, in essence, relate to the inconvenience and expense of Plaintiffs litigating in Utah. While the Court is sensitive to these considerations, there are too many other factors that militate in favor of proceeding in Utah. Thus, as an independent and alternative basis to the Court's finding of improper venue, the Court determines that a transfer is warranted under 28 U.S.C. § 1404(a).

For all of the reasons stated above, this case will be transferred to the United States District Court for the District of Utah.[7]

---

[6] This Court takes judicial notice of the Utah court's ruling. *See generally* Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (court may take judicial notice of other courts' decisions in public record) (citation omitted).

[7] To the extent that venue has been found improper under 28 U.S.C. § 1391(a)(2), the Court determines that the interest of justice would be served by transferring this case rather than dismissing it. *See* Lafferty v. St. Riel, 495 F.3d 72, 79 (3d Cir. 2007) (transfer provision in 28 U.S.C. § 1406(a) "is designed to preserve claims that rigid application of dismissal rules [otherwise] may bar"); Allianz Life Ins. Co. of N. Amer. v. Estate of Bleich, 2008 WL 4852683, *4 (D. N.J. Nov. 6, 2008) ("transfer, not dismissal, is the preferred method of disposing of a case filed in an improper venue") (citation omitted).

## II. ORDER

Consistent with the Memorandum above, Defendant's Motion (**Doc. 17**) regarding improper/inconvenient venue is **GRANTED**, and this case is **TRANSFERRED FORTHWITH** to the United States District Court for the District of Utah.

    IT IS SO ORDERED.


February 24, 2012                                     s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record